**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

MARK ANTHONY BELL,                    *
                                      *
            Plaintiff,                *
v.                                    *
                                      *        No. 2:15CV00143-DPM-JJV
PHIL REYNOLDS, Sheriff,               *
Augusta County Jail; *et al*.          *
                                      *
            Defendant.                *

## <u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>

## <u>INSTRUCTIONS</u>

The following recommended disposition has been sent to United States District Judge D. P.

Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Mark Anthony Bell ("Plaintiff") brings this action alleging Defendants[1] Phil Reynolds and

Jody Akins denied him constitutionally adequate medical care while he was in their custody.  (Doc.

Nos. 2, 12.)[2]  Plaintiff states he suffers from Human Immunodeficiency Virus and he was not

afforded adequate medication or blood tests while incarcerated.  (Doc. No. 12 at 1.)  He claims

Defendants were deliberately indifferent to his serious medical needs when they failed to provide

him necessary medical treatment while he was incarcerated.  (Docs. No. 2, 12.)

Defendants now move for summary judgment on a number of grounds.  They argue Plaintiff

suffered no injury, there is no supervisory liability, they are entitled to qualified immunity, and

Plaintiff's official capacity claims must be dismissed.  (Doc. No. 27-28.)  Plaintiff has not

responded.

---

[1]Defense counsel has provided the correct spelling of Defendants' names.  The Clerk shall amend the docket sheet to reflect the correct spelling of their names.

[2]I provided Plaintiff with an opportunity to file an Amended Complaint. (Doc. No. 3.) Instead, he  filed an Addendum (Doc. No. 12) to his  Complaint (Doc. No. 2).  Given Plaintiff's *pro se* status, I will consider these filings jointly as his Complaint.

After careful review of the pleadings and facts presented, I find no official capacity liability and Defendants are entitled to qualified immunity.   Therefore, for the following reasons, I recommend Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's Complaint be DISMISSED.

## II.      MOTION FOR SUMMARY JUDGMENT

### A.      Standard of Review

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted).   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

### B.      Official Capacity

Defendants argue that Plaintiff's official capacity claims fail as a matter of law.  (Doc. No. 27 at 6-7.)  In *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court held that local governments are not liable under § 1983 for injuries inflicted solely by their

employees or agents.  Instead, a county is liable for the acts of its employee only when the employee is carrying out a county policy or custom.  *Id.*; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir. 2009).  A "policy" is a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters."  *Mettler v. Whitledge,* 165 F.3d 1197, 1204 (8th Cir.1999).  To establish a custom, a plaintiff must prove the existence of a continuing pattern of unconstitutional misconduct, not a single act.  *Marksmeier v. Davie*, 622 F.3d 896, 902-903 (8th Cir. 2010).  As Defendants point out, nothing in Plaintiff's Complaint suggests there was a custom or policy that led to any of the alleged events.  Accordingly, Plaintiff's Complaint simply fails to support a claim of official capacity liability.  So his official capacity claims should be dismissed.

## C.    Individual Capacity Claims and Qualified Immunity

Defendants argue that they are shielded by qualified immunity.  (Doc. No. 28 at 7-9.) Qualified immunity shields a government official from suit in his performance of a discretionary function, unless the official's conduct violates a clearly established constitutional right, of which a reasonable person would have known.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In considering the defense of qualified immunity, the Court must take the facts in the light most favorable to Plaintiff and determine (1) whether facts alleged or shown by Plaintiff make out a violation of a constitutional right, and (2) if so, whether that right was clearly established at time of defendant's alleged misconduct.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (*overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009)).  In making these determinations, courts may exercise "their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of circumstances in the particular case at hand." *Pearson,* 555 U.S. at 236.

Defendants have provided an affidavit from Lesia Edwards, who serves as dispatcher for the Woodruff County Sheriff's Office and has first-hand knowledge of events involved in this lawsuit. (Doc. No. 28-5.)  Ms. Edwards states she made contact with the necessary medical providers to obtain the necessary medications for Plaintiff.  (*Id.* at 1.)  She states, "To my knowledge, Mr. Bell received all of his prescribed medications during his incarceration in the Woodruff County Detention Center."  (*Id.* at 2.)  She further states she was in regular contact with Mr. Bell and he never asked to see an outside doctor or arrange for a blood test.  (*Id.*)

Defendants also provided an affidavit from Defendant Akins.  (Doc. No. 28-7.)  Defendant Akins states that when Plaintiff requested to see a psychiatrist, he told Plaintiff "we would see to it that he attends any medical appointments that he can arrange."  (*Id.* at 2.)  He further states, "If he had informed me of an appointment with his doctor, I would have arranged for him to be transported to his appointment."  (*Id.*)

Beyond the unsupported allegations in his Complaint, Plaintiff has not provided any contradictory argument or evidence to support his claims he did not receive necessary medical care.  When confronted with a movant's sworn testimony on summary judgment, the non-movant must meet proof with proof.  *See Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 909 (8th Cir. 2010) ("When the movant makes a prima facie showing of entitlement to a summary judgment, the respondent must discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.") (quoting *Flentje v. First Nat'l Bank of Wynne*, 340 Ark. 563, 569, 11 S.W.3d 531 (2000) (internal quotations omitted)).

Even giving Plaintiff all benefit of the doubt and looking past the affidavits of Lesia Edwards and Defendant Akins, I still must conclude that Mr. Bell has not established any violation of his

constitutional rights.  According to the Medication Logs, *at best*, Plaintiff may have shown a claim of negligence in not immediately receiving all of his necessary medications. (Doc. No. 28-3.)  And while it seems it would be difficult for an inmate to have arranged his own medical appointments, I do not find requiring Mr. Bell to schedule his own doctor's appointment amounts to constitutional deliberate indifference.

An allegation of negligence in treating a medical condition does not constitute a claim of deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).  *See also Smith v. Marcantonio*, 910 F.2d at 502 (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).

Defendants also correctly argue that Plaintiff has failed to establish an injury from any of these alleged events.  A § 1983 action is a type of tort claim.  Accordingly, general principles of tort law require that a plaintiff suffer some *actual injury* before he can receive compensation.  *Carey v. Piphus*, 435 U.S. 247, 253–55 (1978).  And Plaintiff's claims require a compensable injury to be greater than *de minimis*.  *Cummings v. Malone*, 995 F.2d 817, 822–23 (8th Cir.1993); *see Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir.1996).  Here, Plaintiff's Complaint establishes that, at most, he suffered a *de minimis* injury as a result of any delays in his treatment.

Moreover, according to Defendants' Motion for Summary Judgment, Sheriff Reynolds was not personally involved in any of these events.  (Doc. No. 28 at 5-6.)  Plaintiff states he sent grievances to Sheriff Reynolds and received "no answers." (Doc. No. 12 at 2.)  Plaintiff also admits he never had any conversations with Defendant Reynolds. (Doc. No. 28-8 at 2.)  Sheriff Reynolds

is not automatically liable through his position as Sheriff.   "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995).  A prison official who is "not involved in treatment decisions made by the medical unit's staff and 'lacked medical expertise,...cannot be liable for the medical staff's diagnostic decision[s].' " *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (quoting *Camberos*, 73 F.3d at 176).  "[I]f any claim of medical indifference . . . is to succeed, it must be brought against the individual directly responsible for [plaintiff's] medical care." *Kulow v. Nix*, 28 F.3d 855, 859 (8th Cir. 1994) (quoting *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992)).

Lastly, Defendants correctly note that Plaintiff's claims regarding unanswered grievances is not actionable.  Prison grievance systems do not confer any substantive rights on prisoners. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Accordingly, I find that Plaintiff has failed to show that either Defendant Reynolds or Akins violated his constitutional rights.  Thus they are entitled to qualified immunity.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     The Clerk of Court amend the docket to correct the spelling of Phil  Reynolds and Jody Akins.

2.     Defendants' Motion for Summary Judgment (Doc. No. 27) be GRANTED and Plaintiff's Complaint be DISMISSED with prejudice.

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 28th day of July, 2016.

JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE